IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Respondent,<br><br>  vs.<br><br>ERIC KEITH SILLS,<br><br>    Movant.<br>_____ / | No. CR 08-0518-LKK-CMK<br>     CIV 11-1594-LKK-CMK<br><br><br>ORDER |

Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255. Pending before the court is respondent's motion for discovery (Doc. 146).

The court issued an order on June 22, 2011, requiring respondent to file a response to movant's motion. That response is not yet due, and no response has been filed. Notwithstanding that no response has been filed, respondent is requesting to engage in discovery, indicating that in order to properly respond to the motion, certain discovery is necessary. The discovery requested includes obtaining all communications between petitioner and his former counsel, and interviewing petitioner's prior counsel.

/ / /

Respondent cites <u>Bittaker v. Woodford</u>, 331 F.3d 715 (9th Cir. 2003), for the proposition that a habeas challenge under § 2255 based on ineffective assistance of counsel constitutes a waiver of the attorney-client privilege, proving the basis for the requested attorney-client communication. However, while <u>Bittaker</u> does provide that a claim of ineffective assistance of counsel implies the waiver of attorney-client privilege, it does not follow that full discovery of all communication between movant and his counsel is automatic. In addition, the Ninth Circuit made it clear in <u>Bittaker</u> that the disclosure of attorney-client privileged communication requires a narrowly drawn protective order from the court that imposes the waiver. <u>See</u> <u>Bittaker</u>, 331 F.3d 721-25. Discovery in habeas proceedings is not automatic, and any party requesting discovery must show good cause. <u>See</u> Rule 6(a) of the Rules Governing Habeas Proceedings; <u>Bracy v. Gramley</u>, 520 U.S. 899, 904 (1997). The burden to show good cause rests with the requesting party. <u>See</u> Rule 6. Moreover, a discovery request must be specific. Rule 6(b) states "[a] party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents." <u>Id.</u> Thus, the court is not inclined to provide respondent carte blanche discovery of all communications between petitioner and his trial counsel absent a specific showing and appropriate protective order.

In addition, as noted above, no response to the motion has been filed. Authorizing discovery before an answer to a habeas petition has been filed is not common, and respondent cites no authority for allowing such an unusual step. <u>See generally</u> <u>Calderon v. U.S. Dist. Court for the Northern District of California</u>, 98 F.3d 1102 (9th Cir. 1996) (rejecting capital habeas petitioner's request for pre-petition discovery). The court finds respondent's request premature, and no good reason to deviate from the normal proceedings.

Thus, the court finds no good cause to order discovery prior to the filing of a response. In addition, the court is not inclined to allow broad discovery of all communication between petitioner and trial counsel, absent good cause shown and the issuance of a protective

order.  However, as discovery may become necessary and good cause may be shown following the filing of a response, the denial of respondent's motion herein will be without prejudice.

Accordingly,  IT IS HEREBY ORDERED that respondent's motion for discovery (Doc. 146) is denied, without prejudice.

DATED: August 16, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE