IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-0518-LKK-CMK |
| Respondent, | 2:11-cv-1594-LKK-CMK |
| vs. | ORDER |
| ERIC KEITH SILLS, | |
| Movant. | |

Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255.  Pending before the court is respondent's unopposed request for an evidentiary hearing.

Movant brings his motion on the basis that he received ineffective assistance of counsel in two ways.  First, movant claims his counsel failed to properly advise him as to the consequences of his guilty plea.  Second, he claims counsel failed to file an appeal as he had requested.  Respondent has filed a motion to dismiss the first claim, or in the alternative deny the claim on the merits.  As to the second claim, respondent obtained limited discovery in order to obtain a statement from movant's trial counsel as to the requests made for an appeal.  Respondent has now received that statement, and has requested the court  hold an evidentiary

1

hearing in order to assess the credibility of the parties as to whether a request was made by movant for counsel to file an appeal or not.  Respondent argues that whether or not movant made such a request is essential to evaluating the claim.  Respondent acknowledges that if movant in fact requested counsel file an appeal, and counsel refused to do so, then he may have a valid ineffective assistance of counsel claim, which may require the judgment to be reentered to provide movant the opportunity to file an appeal.

Movant is currently house in Safford, Arizona.  Respondent will be required to confirm whether that facility has video conferencing abilities.  If so, a video evidentiary hearing will be set to occur with the undersigned in Redding, California.  If there is no video conferencing ability at that facility, an evidentiary hearing in Sacramento, California will be arranged with movant being transported in for a personal appearance.  Respondent will also be required to confirm the appearance of movant's trial counsel at the hearing.

Also pending before the court is movant's motion to supplement his petition with new case law.  Respondent has not filed a response to the motion.  The court sees no reason why the motion should not be granted, and will review the case law submitted when evaluating the merits of his claim.  However, movant is also requesting an evidentiary hearing for his second claim, that he received ineffective assistance of counsel for the sentencing he received on count three.  The issue raised in this claim is purely legal in nature.  An evidentiary hearing is not necessary as there are no factual issues to be resolved.

Accordingly, IT IS HEREBY ORDERED that:

1. Respondent's request for an evidentiary hearing as to movant's ineffective assistant of counsel claim based on his request for counsel to file an appeal is granted;

2. Within 30 days of the date of the order, respondent shall inform the court as to whether movant's current location has video conferencing abilities, whether trial counsel is willing to voluntarily appear to testify, and provide the court with three acceptable alternative hearing dates;

       3.       Movant's motion to supplement case law (Doc. 163) is granted in part; and

       4.       Movant's request for an evidentiary hearing on his claim of ineffective assistance of counsel relating to the sentence he received is denied.

DATED: March 21, 2014

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE