**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-0518-KJM-CMK |
| | 2:11-cv-1594-KJM-CMK |
| Respondent, | |
| vs. | FINDINGS AND RECOMMENDATION |
| ERIC KEITH SILLS, | |
| Movant. | |

Movant, a federal prisoner proceeding pro se, brings this motion to correct or set aside a criminal judgment pursuant to 28 U.S.C. § 2255. Pending before the court is movant's motion for relief from judgment (Doc. 142), respondent's motion to dismiss (Doc. 149), respondent's supplemental brief (Doc. 158), and several supplemental briefs filed by movant (Docs. 161, 163, 171). Movant, who plead guilty to two charges, is challenging his conviction on two grounds: he received ineffective assistance of counsel for counsel's failure to file a direct appeal, and his guilty plea was not knowing and voluntary. An evidentiary hearing as to the first claim was held before the undersigned on August 21, 2014. The parties were given 30 days to submit any further briefing if desired. Petitioner then filed his further brief (Doc. 171).

///

Respondent moves to dismiss movant's claim that his guilty plea was not knowing and voluntary on the basis of waiver, or alternatively denied on the merits. Respondent also argues movant's ineffective assistance of counsel claim should be denied on the merits. Movant contends his guilty plea was not knowing and voluntary as his counsel did not fully inform him as to the sentence he would receive. Movant further contends that his counsel acknowledged he never advised movant as to his right to appeal and failed to file an appeal after having been asked to do so, thus rendering ineffective assistance of counsel.

**Background**

On November 6, 2008, an indictment was filed charging movant with three violations: 21 U.S.C. §§ 846 and 841 (a)(1) - Conspiracy to Possess with Intent to Distribute Marijuana; 21 U.S.C. § 841(A)(1) - Possession with Intent to Distribute Marijuana; and 18 U.S.C. § 924(C)(1) - Use of a Firearm in Furtherance of a Drug Trafficking Crime. (Doc. 8). On February 2, 2010, movant signed a plea agreement wherein he plead guilty to counts one and three. (Doc. 115). As part of the plea agreement, the government agreed to dismiss all remaining counts against movant, and the parties agreed movant should be sentenced to the high end of the applicable guideline range for his offenses. The plea agreement specifically sets forth the maximum sentence the court could impose (20 years, $1,000 fine, supervised release as to count one; life imprisonment with a consecutive seven-year mandatory minimum sentence, $250,000 fine, supervised release as to count three), stipulations affecting guidelines calculation, and the waivers movant was agreeing to including the right to trial by jury, confront witnesses and his right to both appeal and collateral attack of his conviction and sentence. Prior to accepting the plea agreement, the court held a sentencing hearing wherein movant was specifically asked whether he read the plea agreement, whether he was made any promises not included in the agreement, whether he understood the terms of the agreement, and specifically whether he understood his waiver of appeal and collateral attack. (See Hearing Transcript, Doc. 149, Ex. 3 at 2-9). The court also specifically addressed the mandatory minimum sentence of

1  seven years for count three, to which movant acknowledged he understood. The court then
2  accepted the plea agreement.

### Knowing and Voluntary Plea Agreement

A waiver contained in a valid plea agreement is enforceable and deprives the court of jurisdiction. See Unites States v. Anglin, 215 F.3d 1064, 1066 (9th Cir. 2000); see also United States v. Abarca, 985 F.2d 1012 (9th Cir. 1992). A plea agreement is valid if it is entered into knowingly and voluntarily. See United States v. Kaczynski, 239 F.3d 1108 (9th Cir. 2001). The scope of the waiver is "demonstrated by the express language of the plea agreement." Anglin, 215 F.3d at 1066.

Whether a plea agreement was made "knowingly and voluntarily" depends on the circumstances surrounding its signing and entry. See Anglin, 215 F.3d at 1066 (citing United States v. Bolinger, 940 F.2d 478, 480 (9th Cir. 1991)). While a plea colloquy pursuant to Federal Rule of Criminal Procedure 11 is not a prerequisite to a valid waiver, see United States v. Michlin, 34 F.3d 896, 898 (9th Cir. 1994), the district court's oral pronouncements are also relevant, see United States v. Navarro-Botello, 912 F.2d 318, 321 (9th Cir. 1990). Where the trial judge's unambiguous oral pronouncement differs from the written plea agreement, the oral pronouncement controls. See United States v. Buchanan, 59 F.3d 914, 917 (9th Cir. 1995). This is because the Ninth Circuit places a "premium on a defendant's ability to trust a district court's statements. . . ." Anglin, 213 F.3d at 1067 (citing Buchanan, 59 F.3d at 917-18)).

In this case, a review of the transcript of the hearing at which movant accepted the plea agreement reflects that there can be no doubt that movant entered into a knowing and voluntary plea agreement and that movant expressly waived any right to file a collateral challenge to the conviction or sentence. Because the plea agreement was made knowingly and voluntarily, respondent's motion to dismiss should be granted.

25  / / /
26  / / /

**Ineffective Assistance of Counsel**

The Sixth Amendment guarantees the effective assistance of counsel. The United States Supreme Court set forth the test for demonstrating ineffective assistance of counsel in Strickland v. Washington, 466 U.S. 668 (1984). First, a petitioner must show that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. See id. at 688. To this end, petitioner must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. See id. at 690. The federal court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. See id. In making this determination, however, there is a strong presumption "that counsel's conduct was within the wide range of reasonable assistance, and that he exercised acceptable professional judgment in all significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland, 466 U.S. at 689).

Second, a petitioner must affirmatively prove prejudice. See Strickland, 466 U.S. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). A reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v. Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

/ / /
/ / /
/ / /

1 Movant contends he received ineffective assistance of counsel for counsel's failure
2 to file a direct appeal as requested. Respondent concedes that if movant had specifically
3 requested counsel to file a direct appeal and counsel refused to do so, movant would have a claim
4 for ineffective assistance of counsel. See Roe v. Flores-Oretega, 528 U.S. 470, 477 (2000);
5 United States v. Sandoval-Lopez, 409 F.3d 1193, 1196-97 (9th Cir. 2004). However, respondent
6 contends that movant never specifically requested counsel to file an appeal until after the time in
7 which to do so had expired, and even then it was a request from movant's mother, not a direct
8 request.

9 The Ninth Circuit has directed that, based on the Supreme Court's decision in
10 Flores-Oretega, where a defendant has "explicitly told his lawyer to appeal his case and his lawyer
11 refused," that amounts to ineffective assistance of counsel. Sandoval-Lopez, 409 F.3d at 1197.
12 However, merely expressing an interest in appealing is not the same. Thus, when a defendant
13 files a habeas action claiming that he asked his lawyer to file an appeal, and his lawyer refused,
14 the court is required to hold an evidentiary hearing to determine the veracity of that allegation
15 where the government opposes the petition. See id. at 1198.

16 As a result of movant's claim in this action, the court allowed limited discovery
17 and held an evidentiary hearing regarding the question as to whether movant requested counsel
18 file an appeal. In support of the government's position that no request was made, respondent
19 deposed movant's trail counsel and filed a declaration by trial counsel, Timothy Warriner. Mr.
20 Warriner also appeared before the court to testify at the evidentiary hearing. In his declaration and
21 during his testimony, Mr. Warriner attested that he explained the waiver of appeal to movant, and
22 that movant never asked him to file a notice of appeal, and never made any indication that he
23 wanted to appeal prior to or after his sentencing. After sentencing, there was some
24 communication between counsel, movant and movant's mother regarding getting movant's
25 property back from law enforcement, but no request for appeal was made. The only request Mr.
26 Warriner had regarding filing an appeal on movant's behalf was a request made by movant's

mother approximately two moths after the deadline to file a notice of appeal had run. Counsel explained to movant's mother that the time to appeal had expired and that movant had waived the right at sentencing in accordance with the agreement, so there was no basis to appeal. Movant's mother called a few more times, but only in an attempt to obtain legal documents and some evidence. On cross-examination, counsel acknowledged that if there had be a reason to believe there was a basis to appeal, he would have had an ethical duty to have done so, but there was none here.

In contrast, movant testified that he requested counsel file a notice of appeal multiple times through his mother around mid- to end of 2010, but on one occasion made the request himself. On the date he signed the plea agreement, he told his attorney he was signing under protest and that he wanted to appeal. Movant further testified that after sentencing, his family attempted to get his legal file from counsel, who was told it could only be sent directly to petitioner, and his attorney's office then refused his calls after just one call.

The court finds Mr. Warriner's testimony to be credible and persuasive. It is simply not believable that counsel would allow movant to sign a plea agreement under protest, waiving his right to appeal, while movant is simultaneously asking counsel to file a notice of appeal. If movant was unsatisfied with the plea agreement or thought it was not a reasonable offer, counsel would not have had his client sign the agreement and waive the right to appeal. Similarly, the court conducted a complete plea colloquy, wherein movant had the opportunity to express to the court his dissatisfaction with the agreement or with the waiver of his right to appeal. Movant failed to do so. While movant may have had second thoughts after the plea agreement was accepted and he was sentenced, he fails to show he made an explicit request to Mr. Warriner to file an appeal. At best, any indication that he was interested in filing an appeal was made by his family after the time in which a notice of appeal could be filed. In fact, movant could not provide specific information to the court as to when and how he made any explicit request. The best movant could remember was that his family had made the request mid-to late 2010.

Judgment was entered in this case on June 25, 2010. If movant requested an appeal be filed in late 2010, that would have been long after the time for filing a notice of appeal had passed. Movant did not file the current motion for almost a year after entry of final judgment. Thus, the court finds no reasonable probably that counsel disregarded a direct request from movant to file a notice of appeal. As such, there are no grounds for finding counsel ineffective.

To the extent movant claims that counsel was under an obligation to discuss the possibility of filing an appeal despite the plea agreement and waiver, the court finds any such duty was met. The Supreme Court has directed that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal where there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." Flores-Ortega, 528 U.S. at 480.

In this case, part of the plea agreement and waiver discussion specifically included a discussion as to the waiver of the right to appeal. Thus, any obligation counsel had to discuss the possibility of an appeal was necessarily included in that conversation. In addition, where a defendant accepts a plea agreement which includes a waiver of his right to file a notice of appeal or collaterally attack his conviction or sentence, there was a full plea colloquy, and the defendant received the agreed upon sentence, there is no deficient performance by counsel. See id. Thus, the undersigned finds no basis for concluding that counsel was ineffective.

**Conclusion**

Based on the foregoing, the undersigned recommends that:

1. Respondent's motion to dismiss (Doc. 149) be granted; and
2. Movant's § 2255 motion (Doc. 142) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 20 days after being served with these findings and recommendations, any party may file written objections

with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

 DATED:  March 7, 2017

```
                                    _____
                                    CRAIG M. KELLISON
                                    UNITED STATES MAGISTRATE JUDGE
```