UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:08-cr-0518-KJM-CMK |
| Respondent, | 2:11-cv-1594-KJM-CMK |
| v. | ORDER |
| ERIC KEITH SILLS, | |
| Movant. | |

Movant, a federal prisoner proceeding pro se, brings this motion to vacate, set aside or correct a criminal judgment pursuant to 28 U.S.C. § 2255. This matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On March 7, 2017, the magistrate judge filed findings and recommendations, which were served on the parties and which contained notice that the parties may file objections within a specified time. No objections to the findings and recommendations have been filed.[1]

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[1] Although it appears from the file that the findings and recommendations were returned, the parties were properly served. It is the responsibility of the parties to keep the court apprised of their address of record at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

1

Movant raises two claims in his § 2255 motion.  First, he claims that counsel was ineffective for not filing a direct appeal.[2]  The magistrate judge's findings and recommendations with respect to that claim are adopted in full.  *See* ECF No. 176 at 4-7.[3]

Movant's second claim is that his plea of guilty to Count 3 of the indictment, charging him with use of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) was not knowing and voluntary due to ineffective assistance of counsel (IAC).  ECF No. 142 at 5.  Specifically, movant contends defense counsel "assured [him] that if he plead [sic] guilty . . . he would only face a **mandatory minimum** of five (5) years with no maximum penalty" and that movant did not know that by entering this guilty plea he would "also be pleading guilty to a sentencing enhancement of seven (7) years for brandishing a firearm, which brandishing is not an element of § 924(c)(1)."  *Id.* (emphasis in original).  The magistrate judge interprets this claim as a challenge to the voluntariness of the guilty plea and recommends it be dismissed on the ground that in the plea agreement movant waived the right to collaterally attack his conviction or sentence.  ECF No. 142 at 2-3.

Movant's second claim is in fact an ineffective assistance of counsel claim that goes to the validity of his guilty plea to Count 3 of the indictment.  It is unlikely the waiver in his plea agreement extends to this claim.  *See Washington v. Lampert*, 422 F.3d 864, 870-71 (9th Cir. 2005) ("We note that a number of other circuits have explicitly held, in the context of § 2255 challenges brought by federal prisoners, that waivers cannot bar IAC claims associated with the negotiation of plea agreements."); *see also United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) ("an appeal waiver does not deprive a defendant of a constitutional ineffective assistance of counsel claim.").  The substance of movant's claim, however, is belied by the transcript of the

---

[2] In the motion to dismiss, respondent identifies this as movant's second claim for relief.  ECF No. 149 at 1.  Review of the § 2255 motion shows that it is the first claim raised in the § 2255 motion, and is followed by movant's claim that his counsel provided ineffective assistance in his advisement concerning the possible sentence for Count 3.  *See* ECF No. 142 at 2, 5.  The court refers to the claims in the order raised in the § 2255 motion.

[3] Citations to documents in the court's Electronic Case Filing (ECF) system are to the criminal case record, Case No. 08-cr-0518, and references to page numbers in documents filed in the criminal case are to page numbers assigned by the ECF system.

plea hearing, during which the court informed movant that the maximum sentence he faced on Count 3 was life in prison and that Count 3 carried "a seven year mandatory minimum sentence to be served consecutive to the sentence imposed on Count One." ECF No. 149-3 at 10. Movant told the court he understood this. *Id*. Movant's declaration in open court that he understood the mandatory minimum sentence of seven years on Count 3 is presumed truthful and the subsequent contrary allegations in his § 2255 motion are not entitled to weight in this proceeding. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."). For this reason, movant's second claim will be denied.

Before a movant can appeal a decision from this court, a certificate of appealability must issue under 28 U.S.C. § 2253(c). See Fed. R. App. P 22(b); see also 28 U.S.C. § 2255. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of constitutional right." 28 U.S.C. § 2253(c)(2). The court must either issue a certificate of appealability indicating which issues satisfy the required showing or must state the reasons why such a certificate should not issue. See Fed. R. App. P. 22(b). For the reasons set forth in the magistrate judge's findings and recommendations to the extent they are adopted, and in this order, movant has not made a substantial showing of the denial of a constitutional right.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed March 7, 2017, are adopted in part;
2. Movant's § 2255 motion (ECF No. 142) is denied;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of the Court is directed to close companion civil case no. 2:11-cv-1594-KJM-CMK.

DATED: May 16, 2017.

_____
UNITED STATES DISTRICT JUDGE

3